Opinion
COHN, J.
On June 28, 1976, appellant Files was charged in the Municipal Court for the Northern Judicial District of San Mateo County with violation of section 23102, subdivision (a), of the Vehicle Code. After a plea of not guilty was entered, a jury trial commenced on December 15, 1976. On December 17, 1976, appellant was found guilty of violation of section 23102, subdivision (a), of the Vehicle Code.
Appellant, after his arrest on June 27, 1976, consented to an Omicron Intoxilyzer test to measure the alcoholic content of his blood. In *Supp. 68 calibrating the intoxilyzer, simulator solutions are used to test the accuracy of the machine. In the instant case, simulator solution calibrations were performed on June 22 or 23, 1976, and on June 27 (date of the arrest) and June 30, 1976. The solutions used on June 22 and June 23, and on June 27, 1976, were destroyed by the San Mateo County Coroner’s lab. The June 30 sample survives.
Testimony from Richard Kiszka, a toxicologist for the San Mateo County Coroner’s lab, showed that he had prepared the solution for calibrating the intoxilyzer on June 22, 1976. Furthermore, there was testimony from Robert Zajonc that he calibrated the intoxilyzer on June 23, 1976, but not on June 27, 1976.
Where there has been an intentional but nonmalicious destruction of test ampules, People v. Hitch, 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], holds that (1) The defendant has the burden of showing a reasonable possibility that the destroyed evidence could have constituted favorable evidence on the issue of guilt or innocence, and (2) Once reasonable possibility is established, the burden shifts to the prosecution to show the establishment of rigorous and systematic procedures to preserve the ampules, and that such duty to preserve the ampules, their loss or destruction notwithstanding, has been met.
The “reasonable possibility” test seems applicable herein. As the trial court applied the “reasonable possibility” standard, the issue to be decided would seem to be whether, in light of the trial testimony, there was a sufficient factual and legal basis for the trial court’s finding that the defendant failed in his burden of showing that there was a “reasonable possibility” that the destroyed solutions would have constituted potentially favorable evidence on the issue of guilt or innocence.
Neither Hitch nor its progeny have offered guidelines as to indicia of “reasonable possibility.” It seems likely that the inquiry is to be a factual one (on a case-by-case basis) at the trial court level; absent some clear abuse of discretion by the trial judge, his findings and ruling ought not to be disturbed.
The trial transcript indicates that, at most, appellant, in the course of his cross-examination of Mr. Kiszka, succeeded only in raising the specter of a remote and not a “reasonable possibility.” Indeed, the trial judge, in denying the motion, ruled that a finding of “mere” as opposed to “reasonable possibility” of the destroyed solution leading to favorable *Supp. 69 evidence, was insufficient to grant appellant’s motion. The trial transcript supports the trial judge’s conclusions.
There is ample testimony in the record in the form of expert testimony by witnesses Kiszka and Zajonc to indicate that the instrument used in the test was properly calibrated and delivered accurate results.
This court therefore concludes that:
(1) The witness Kiszka testified that the machine was operating properly and accurately both before and after the appellant was tested on it, according to the results obtained by the weekly simulation solution testing.
(2) Furthermore, the .10 solution which was run prior to the administration of the test to appellant Files by Highway Patrol Officer Kilgore, yielded a result which indicated the accurate measurings of said machine.
(3) Had the solutions been preserved, there is no assurance that their retesting would provide meaningful or significant results, as, because of evaporation, the chemical composite can change over time.
(4) The testimony of Kiszka and Zajonc is wholly credible to establish that the 454 simulation solution prepared by Kiszka on May 11, 1976, was the one used by Zajonc on the machine in question on June 23, 1976.
The overwhelming weight of the evidence shows no “reasonable possibility” that the destroyed solutions could have constituted “favorable evidence” to the appellant. There is no evidence of a reasonable possibility that the simulation solutions, had they survived, could have impeached the accuracy and credibility of the results of the test.
The judgment is therefore affirmed.
Rose, P. J., and Hartley, J., concurred.